## UNITED STATES *v.* TOZER.

*(District Court, E. D. Missouri, E. D.* February 6, 1889.)

1. CARRIERS—INTERSTATE COMMERCE ACT—INDICTMENT.

  The offense of "unjust discrimination," under section 2 of the interstate commerce act, (24 U. S. St at Large, p. 379,) is not confined to discrimination by means of some device, as by a special rate, rebate, or drawback, but is committed by directly giving different rates to different persons; and an indictment under that section need not aver by what particular device the discrimination was accomplished.

2. SAME.

  Under section 3 of the act, making it unlawful for a carrier "to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality * * * in any respect whatever, or to subject any particular person, company," etc., "to any undue or unreasonable prejudice or disadvantage," a count in an indictment is suffi-

cient if it shows with requisite certainty that the defendant has committed an act giving one shipper or class of shippers an advantage, or subjecting others to a disadvantage; and it need not allege that the discrimination was committed "under substantially similar circumstances and conditions," as required under section 4, containing the "long and short haul" clause.

3. SAME.

A count whose language is so uncertain as to leave it in doubt whether it means to charge that defendant demanded of merchants in Hannibal greater compensation for carrying goods from that city to Helper, Kan., than he demanded of another railroad company for carrying goods between the same points, or greater than he demanded of that company for carrying goods from Chicago to Helper, is bad on demurrer.

4. SAME.

A count under section 6 of the act, charging that on a day named defendant, as agent, etc., charged and collected of another railroad company a less rate of compensation for carrying goods between Hannibal and Helper than 46 cents per 100 pounds, which rate had been "established and published" between those points prior to the day named, and that said rate was "in force on that day," negatives a reduction by defendant's company prior to or on the day in question.

5. SAME—AGENCY OF DEFENDANT.

Under section 10, making any agent of a railroad company subject to the provisions of the act amenable to its penalties, who willfully does any of the prohibited acts, an allegation that defendant, at the time the offense was committed, was agent of a certain railway company, and had general charge of its freight-office at Hannibal, sufficiently shows that the offense was committed under color of his office or agency; and it is not necessary to allege or prove that the particular act complained of was done under the direction or authority of the principal.

Indictment of George K. Tozer for violation of the Interstate Commerce Act. On demurrer.

*Thomas P. Bashaw*, U. S. Dist. Atty., and *C. C. Allen*, for the United States.

*Thomas J. Portis* and *W. A. Martin*, for defendant.

THAYER, J. This is an indictment containing five counts founded on the interstate commerce act, approved February 4, 1887. 24 U. S. St. at Large, p. 379. A demurrer has been filed to the several counts, which raises the various questions to be decided.

The first count charges the defendant, who is alleged to be an agent of the Missouri Pacific Railway Company, with unjust discrimination, in that he charged the Hayward Grocery Company, or suffered and permitted it to be charged, at the rate of 46 cents per 100 pounds on sugar shipped from Hannibal, Mo., to Helper, Kan., over the line of the Missouri Pacific Railway, whereas at or about the same date he charged the Chicago, Burlington & Quincy Railroad, for the transportation of sugar between the same points and over the same line, at the rate of only 34 cents per 100 pounds. The particular objection made to this count appears to be that the count does not show whether the discrimination was accomplished by granting to the Chicago, Burlington & Quincy Railroad a "special rate, rebate, or drawback," or by some other device. The point is obviously not well taken, as section 2 of the act, under which the count is framed, makes it utterly immaterial how the discrimination was effected,—whether by a special rate accorded to one shipper and de-

nied to another, or by a "rebate, drawback, or other device." The offense defined by the second section consists in an "unjust discrimination," no matter how it is effected, whether directly or indirectly; and for that reason it is unnecessary to aver in an indictment by what particular device the defendant managed to discriminate in favor of a particular shipper.

The second, third, and fourth counts of the indictment are founded on the third section of the act, which declares it to be unlawful for a carrier subject to the provisions of the act "to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality,   *   *   *   in any respect whatever, or to subject any particular person, company,   *   *   *   to any undue or unreasonable prejudice or disadvantage in any respect whatever." The second count charges that defendant willfully and unlawfully gave an undue and unreasonable preference and advantage to the Chicago, Burlington & Quincy Railroad Company, in that he charged the Hayward Grocery Company at the rate of 46 cents per hundred for the transportation of one barrel of sugar from Hannibal, Mo., to Helper, Kan., and at or about the same time only charged the Chicago, Burlington & Quincy Railroad Company at the rate of 34 cents per hundred for the transportation of two barrels of sugar between the same points. The third count is of the same tenor as the second, except that it charges the defendant, by the same act mentioned in the second count, with subjecting the Hayward Grocery Company "to an undue and unreasonable prejudice and disadvantage." The fourth count charges the defendant with subjecting a locality, to-wit, the city of Hannibal, to an undue and unreasonable prejudice and disadvantage, by demanding and collecting of divers merchants doing business in Hannibal, greater compensation for transporting property from Hannibal to Helper, Kan., than he demanded and collected of the Chicago, Burlington & Quincy Railroad "for the transportation of property transported for divers persons in the City of Chicago   *   *   *   over the lines of railroad of said Chicago, Burlington & Quincy Railroad Company and said Missouri Pacific Railway Company to said town of Helper." It is insisted that the second, third, and fourth counts are each bad, because the pleader does not aver in the language of the statute that the service referred to as having been rendered for the parties named, and charged for at a different rate, was rendered "under substantially similar circumstances and conditions." If these counts were framed under the fourth section, for violation of the long and short haul clause of the act, in which section the words "under substantially similar circumstances and conditions" are used to describe the offense, the point made would be well taken. But in framing a count under the third section it is not necessary to use the language last quoted. A count under the third section is sufficient if it shows with requisite certainty, by any apt language, that the accused has committed an act which gives one shipper or class of shippers an advantage, or subjects others to a disadvantage. The second and third counts of the present indictment clearly show that defendant charged and received of the Hayward Gro-

cery Company a greater rate of compensation than he charged and received of the Chicago, Burlington & Quincy Railroad Company for transporting the very same class of goods between the same points, and over the same route. These counts are sufficient in law, although the pleader does not aver that the service rendered to each party was rendered "under substantially similar circumstances and conditions." The fact that it was so rendered sufficiently appears without that averment. The fourth count, in my opinion, lacks the requisite precision of statement; and, as it is demurred to on that ground, as well as on the ground last mentioned, it will be adjudged insufficient. It is uncertain whether the pleader intended to charge that defendant demanded of merchants doing business in Hannibal greater compensation for the transportation of goods from that city to Helper than he demanded of the Chicago, Burlington & Quincy Railroad Company for the transportation of goods between the same points, or greater compensation than he demanded of the latter company for transporting goods from Chicago to Helper. The fourth count appears to be susceptible of either construction, and for that reason, if for no other, the demurrer ought to be sustained.

The fifth count of the indictment is based on the sixth section of the act, and alleges, in substance, that the defendant on June 15, 1887, as agent of the Missouri Pacific Railway Company, charged and collected of the Chicago, Burlington & Quincy Railroad a less rate of compensation for the transportation of goods from Hannibal to Helper than the "established and published" rate of freight charges over the Missouri Pacific Railway, between those points. To this count the objection is made that it is not averred that the Missouri Pacific Railway had not on that date reduced its published freight rate between Hannibal and Helper, as it was privileged to do under the sixth section, without notice. This objection is not tenable for the reason that the pleader does allege that a given freight rate of 46 cents per 100 pounds between the two points last named had been "established and published" prior to June 15, 1887, and that said rate "was in force on that day," when the unlawful charge is said to have been made. This averment deprives the objection of the force it would otherwise have. It shows that no reduction in the established rate had taken place, and that the rate accorded to the Chicago, Burlington & Quincy Railroad was not given in conformity with a general reduction in freight rates, but was an advantage allowed to it over other customers.

A further and final objection made to the whole indictment is that it does not show that the defendant, as agent of the Missouri Pacific Railway Company, had any authority to do the acts charged in the various counts. This objection does not strike me with any force. It is alleged in each count that defendant was agent of the Missouri Pacific Railway Company, and had general charge of its freight-office at Hannibal, Mo. Section 10 of the interstate commerce act renders any agent of a railroad company that is subject to the provisions of the act amenable to the penalties denounced therein, if he, either alone or with any other person or corporation, willfully does any of the acts prohibited or

declared to be unlawful. When an agent of a railroad is prosecuted under the statute for an unlawful act, it is not necessary, in my opinion, either to allege or prove that the particular unlawful act complained of was done under authority conferred by his principal, or by its direction. It is sufficient to show that the accused was in fact an agent of a railroad subject to the provisions of the act, and that the wrong was committed under color of his office or agency. Whether, in the particular matter complained of, the agent exceeded his power, is certainly immaterial in a prosecution against the agent. If it has any bearing on the question at issue, the fact that the agent has exceeded his powers in violating the law ought to aggravate the offense, rather than excuse it. The demurrer is overruled as to all the counts except the fourth, as to which it is sustained for the reasons before stated.