**UNITED STATES v. HOWITT et al.**
**No. 6399–M–Cr.**

District Court, S. D. Florida,
Miami Division.

May 17, 1944.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for plaintiff.

Riley & Dressler, of Miami, Fla., for defendants.

HOLLAND, District Judge.

Defendants have demurred to the indictment returned against them, which demurrer was argued before the Court on Saturday, May 13, 1944, and taken under advisement.

The contention of the defendants is that the Act is aimed at railroads as principals, with the agents, servants, officers, etc., (if a crime is committed by the principal) acting as aiders and abettors, and unless the railroad gets the benefit of the over-charge, the ticket agent cannot be prosecuted because then he, the agent, is a trespasser, an embezzler, or violator of some other State law. Stated differently, the objection is that the indictment does not specify facts from which it might be found that the carriers are guilty of the offense charged, and that under the Interstate Commerce Act of 1887, as amended, 49 U.S.C.A. § 1 et seq., defendants cannot commit an offense except as aiders and abettors. Defendants claim that they cannot be guilty as aiders and abettors, and that no crime is specified against the carrier.

Consideration of the case is facilitated by the historical note following Section 10, 49 U.S.C.A., as prepared by the publishers of United States Code Annotated. Section 10 as originally enacted is quoted verbatim. This is followed by the additional provisions enacted in 1889. In Section 2 of the original Interstate Commerce Act of 1887 special rates and rebates are prohibited, and the granting of same is deemed unjust discrimination, and declared to be unlawful. Section 10 deals with violations and penal-

ties. By original Section 10 any director, officer, receiver, trustee, lessee, agent, or person acting for or employed by a corporation carrier are brought within the purview of the penalty provisions of the Act. Section 10 has been judicially construed not to include the corporation carrier itself, In re Peasley, C.C., 44 F. 271, 275, and Toledo, etc., Ry. Co. v. Pennsylvania Co., C.C., 54 F. 730, 736, 19 L.R.A. 387; and the provisions of the Elkins and Hepburn Acts, passed in 1903 and 1906 (U. S.C.A. 49, Sec. 41), dealing with the liability of corporation carriers and agents, would indicate legislative approval was given to this judicial consideration. My own thought is that "common carrier" as used in Section 10 included both corporate and non-corporate carriers, but I accept this judicial and legislative interpretation as a foreclosure of this question in my consideration of this case.

Considering original Section 10, and the use of the words "agent, or person acting for or employed by such corporation," I differ with the construction of these words as was placed by the District Court in United States v. Tozer, D. C., 37 F. 635, 637, decided in 1889. Judge Taft in writing the opinion in Toledo, etc., Ry. Co. v. Pennsylvania Co., C.C., 54 F. 730, text 736, had some doubts about the interpretation of these words as embracing the employee of the carrier. My own thought is that Section 10 by use of the indicated words intended to include such employees when they were managing officers, or managing agents, in the sense of vice-principalship. In the Toledo case, supra, the carrier was seeking an injunction against one Arthur and others, and it was held that every locomotive engineer of the defendant carrier is a "person employed by" a common carrier corporation subject to the provisions of the Interstate Commerce law. If this view is accepted, it is controlling in this case, and we could stop here with an overruling of the demurrer.

While there is judicial authority for accepting the conclusion that the ticket seller acting within the scope of his employment is a person employed by the carrier, that conclusion does not satisfy my reading of the Act. This is a statutory violation charged, and I first raise the question as to who was intended as a possible aider and abettor, and next ponder the question of the guilt of defendants as principals under 18 U.S.C.A. § 550. In my judgment aiders

and abettors contemplated shippers, and with all reason could be said to include employees of the carrier. Aiding and abetting is by the statute made a substantive offense. It would seem that shippers who aided or abetted were included in the original Act since false billing by a shipper was introduced only by a proviso, and made false billing by a shipper punishable with fine and imprisonment, whereas the penalty under the 1887 Act was only by fine. In other words, shippers were not first brought within the purview of the Act by the 1889 amendment, but in my judgment they were within the provisions of the aiding and abetting provision of the original Act. And if shippers were contemplated as possible aiders and abettors, I see no reason why employees of the carrier could not likewise be regarded as having been within the proper interpretation of aiders and abettors.

While I do not accept the doctrine announced by the Tozer decision, and as supported by the Toledo Railway case approving in this respect the Tozer decision as to "persons employed", I inquire whether the ticket agent could be included within the provisions of Section 10 as an aider and abettor, and responsible as a principal under 18 U.S.C.A. § 550. On principle I think that he can. The amendment of 1889 emphasizes three classes of offenders, (a) the person within the provisions of the Act; (b) a carrier within the provisions of the Act, and (c) a shipper. In principle I see no reason why a ticket agent, who as charged in the indictment committed the act which constitutes the unlawful discrimination, may not be guilty as a principle under 18 U.S.C.A. § 550. The basic principle of law is recognized that an aider and abettor may not be guilty in aiding or abetting a principal unless a principal did as a matter of fact commit a crime. But this is a statutory violation and scienter is not here so important. The carrier as a principal may not have participated in commission of the act charged in the indictment by direction or authorization, or it may have been committed without the knowledge or consent of the officers, or managers, or vice principals, exercising managerial control, but the act charged in the indictment to have been committed by the ticket agent in and of itself constitutes discrimination, which was made unlawful by the Commerce Act. Where both the principal and the aider are persons, the hard and fast rule of law is recognized requiring the commission of the offense by the principal, without which the aider could not be guilty. True it is that the aider may be separately indicted and separately tried as a principal. Collins v. United States, 8 Cir., 20 F.2d 574, 578, and cases cited. There is some authority also which goes to the extent of the sustaining of a conviction of the aider though the principal was found not guilty. Rooney v. United States, 9 Cir., 203 F. 928. That question is not here for discussion in this case. In principle I recognize the doctrine above generally stated. In the case of a carrier, a corporation, as principal, discrimination under the statute by an employee, ticket agent, is possible, though the carrier may not have participated in the unlawful profits, and may not be chargeable with knowledge through some official or vice principal. The ticket agent in such case may be prosecuted under the statute as a principal, the crime of aiding and abetting being by the statute made a substantive offense. It follows that as an aider and abettor under the statute, the ticket agent is a principal and not an accessory. On authority this conclusion is fortified by the Toledo case, supra, 54 F. text 737.

Defendants rely upon United States v. Peterson, D. C., 1 F.2d 1018, in which case the defendant as an employee was charged with discrimination under the statute, but on consideration of the attack upon the indictment it appeared by stipulation that the defendant embezzled and sold the tickets. I consider this case as not contrary to United States v. Estes, D. C.; 6 F.2d 902, relied upon by the Government. But as stated herein, I base my decision not on the reasoning of the Tozer case, supra, but upon the aider and abettor as a principal rule.

The demurrer in this case should be overruled, and order may be presented.