James P. EDWARDS, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 18291.

United States Court of Appeals Fifth Circuit.

Dec. 23, 1960.

Rehearing Denied Jan. 31, 1961.

Howard Dailey, Dallas, Tex., Forrester Hancock, Waxahachie, Tex., for appellant.

Minor Morgan, Asst. U. S. Atty., Dallas, Tex., W. B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge. .

Edwards was charged in the same indictment with Mac T. Hall whose conviction is affirmed today.[1] While Hall was tried to the court without a jury, the judgment of conviction of Edwards was based on a jury's verdict. Edwards was found guilty on Counts 1, 7, 8 and 9 of the indictment, and was sentenced to imprisonment for five years.

Count 1 has been described in our opinion in the Hall case. Counts 7, 8 and 9 were in all respects similar to Counts 10, 11 and 12 described in the Hall case, except that the drafts described were different and were drawn by Edwards.

Five hundred and fifty-three drafts were introduced in evidence, signed by Edwards and drawn variously against Edwards, First National Bank of Dallas, and Cardinal Oil of Dallas, dated variously from April 20, 1957, through October 3, 1959. The bank had paid all of these drafts without collecting on them and had received no reimbursement. These drafts represented $46,130.06 of an overall shortage of $290,320.03 on the part of the Vice President of the Bank, James Cook Evans. There was additional evidence strongly tending to prove Edwards' guilt under Counts 7, 8 and 9 of the indictment. As to those three counts, we have no doubt that the district court properly denied Edwards' motion for judgment of acquittal.

Of the various other objections to instructions to the jury, either given or refused, it is necessary to rule on only one. In its oral charge, the court instructed the jury as follows:

"The defendant Edwards is charged with aiding and abetting and inducing the commission of a wrongful act. He cannot be guilty unless there was another man guilty that he was aiding and abetting and while the defendant Evans, a vice-president of the bank, has taken the stand and admitted his guilt and entered a plea of guilty in the case it still does not necessarily follow that the defendant Edwards is guilty of aiding and abetting, because we cannot do a crime of this kind ignorantly. The criminal knowledge must be there and the intent to aid Evans in a wrongful and illegal act must have entered into the conduct of the defendant for him to be guilty. * * * "

The court thereafter complied with Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., and afforded opportunity to make objections to its charge out of the hearing of the jury. Edwards' counsel then objected to the court's statement that Evans had entered a plea of

---

1. Hall v. United States of America, 5 Cir., 286 F.2d 676.

guilty and the court responded: "That is a matter of common knowledge. It occurred in open court, and has been in all of the papers."

■■ As the court recognized, under this indictment charging Edwards with aiding and abetting Evans to commit the offenses, it was necessary to establish the guilt of Evans as well as that of the defendant Edwards.

"The basic principle of law is recognized that an aider and abettor may not be guilty in aiding or abetting a principal unless a principal did as a matter of fact commit a crime." United States v. Howitt, D.C.S.D.Fla., 1944, 55 F.Supp. 372, 374, affirmed 5 Cir., 1945, 150 F.2d 82, affirmed, 1946, 328 U.S. 189, 66 S.Ct. 923, 90 L.Ed. 1162.

"The law requires a guilty principal before the aider and abettor can be punished." Karrell v. United States, 9 Cir., 1950, 181 F.2d 981, 985.

No evidence was introduced in this case to prove that Evans had entered a plea of guilty, or even that he had been convicted. Further, the district court was in error when it stated to the jury that, "Evans, a vice-president of the bank, has taken the stand and admitted his guilt." While Evans freely admitted that he had brought about the large shortage, he never did admit his criminal intent.[2] To the contrary, Evans testified in response to the court's questioning, as follows:

"The Court: Mr. Evans, inasmuch as the Defendant Edwards was not a customer of your bank what was the advantage or reason for making these indirect advances instead of a straight loan?

"The Witness: Well, in my capacity I didn't have authority to make loans, and I was hopeful of securing some new business for the bank."

■ Despite the strong evidence of guilt, we cannot hold that this erroneous charge was harmless.[3] No matter how conclusive the evidence, a court may not direct a verdict of guilt.[4] While this charge did not direct the jury to find the defendant guilty, it did take from the jury the question of Evans' guilt. Worse, that was done on the basis of an admission which Evans had not made and of a plea of guilty as to which there was no proof. The judgment must therefore be reversed and the cause remanded for another trial.

Reversed and remanded.

---

2. We have just stated in the Hall case:
   "The willful misapplication referred to in 18 U.S.C.A. § 656 must have been, in this case, a willful misapplication for the use or benefit either of Evans or of Hall with intent to injure and defraud the bank.[17]
   "[17] See United States v. Meyer, 5 Cir., 1959, 266 F.2d 747, 754." Hall v. United States, 286 F.2d 676, 680.

3. See Rule 52(a), Federal Rules of Criminal Procedure.

4. United Brotherhood of Carpenters, etc. v. United States, 1947, 330 U.S. 395, 408, 67 S.Ct. 775, 91 L.Ed. 273; 23 C.J.S. Criminal Law § 1146.