**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William David GARAWAY, Defendant-Appellant.**

No. 23576.

United States Court of Appeals, Ninth Circuit.

April 21, 1970.

Michael Greene (argued), Santa Monica, Cal., for appellant.

Tom Kontos (argued), Asst. U. S. Atty., John W. Hornbeck, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before CARTER, WRIGHT and KIL-KENNY, Circuit Judges.

PER CURIAM:

Appellant was convicted of refusing induction into the Armed Forces, 50 U.S.C. App. § 462. The evidence against him was undisputed, and at the conclusion of the trial, the judge instructed the jury as follows:

> I, therefore, instruct you it is your duty as jurors to return a verdict of guilty. You may consider this matter and you may disregard my instructions, but I am instructing you as a matter of law that it is your duty to return a verdict of guilty as charged in the indictment.

[1, 2] The quoted instruction was an unwarranted invasion by the court of the province of the jury, and contrary to the well-settled rule that a trial judge may not direct a verdict of guilty in a criminal case. United Brotherhood of Carpenters & Joiners of America v. United States, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973 (1947); Edwards v. United States, 286 F.2d 681, 683 (5th Cir. 1960); Cain v. United States, 19 F.2d 472, 475 (8th Cir. 1927); Blair v. United States, 241 F. 217, 230 (9th Cir. 1917). Nor was it permissible thus to express an opinion as to the defendant's guilt. Buchanan v. United States, 244 F.2d 916 (6th Cir. 1957); Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394 (1950); ABA Project on Minimum Standards of Criminal Justice, Trial by Jury, § 4.7(b) (ii).

Reversed.