In re Edward V. MAGGI, Debtor.

Robert NAVARRA and Mary Jane Navarra, husband and wife, Plaintiffs,

v.

Edward V. MAGGI, Defendant.

Walter SHEPARD, II, Herb Linker, Linda Lee Shepard, Iris Gatton, Plaintiffs,

v.

Edward V. MAGGI, Defendant.

Bankruptcy No. 384–01050.
Adv. Nos. 84–0290, 84–0307.

United States Bankruptcy Court,
D. Oregon.

Nov. 14, 1985.

David K. Allen, Portland, Or., for Navarras.

Bruce G. Thompson, Portland, Or., for Shepards, Linker and Gatton.

John P. Manning, Portland, Or., for debtor.

## MEMORANDUM GRANTING SUMMARY JUDGMENT

DONAL D. SULLIVAN, Bankruptcy Judge.

Plaintiffs moved for summary judgment under 11 U.S.C. § 523(a)(2)(A) on affidavits and on the claimed collateral estoppel effect of defendant's plea of guilty to and conviction for securities fraud in the Circuit Court for Multnomah County. Pursuant to Bankr.R. 7056 incorporating Fed.R.Civ.P. 56, I find that summary judgment should be entered in favor of plaintiffs and against the defendant on all issues under 11 U.S.C. § 523(a)(2)(A).

Offensive use of collateral estoppel arising from a defendant's prior criminal conviction precludes the relitigation in a subsequent civil case of all issues necessarily determined against the defendant in the criminal case even though identity of parties is absent. *Parklane Hosiery v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Hinkle Northwest v. S.E.C.*, 641 F.2d 1304, 1308 (9th Cir.1981). Where the civil plaintiff was a victim of the crime for which the civil defendant was previously convicted, this circuit and six other circuits apply collateral estoppel where the prior conviction was based upon a plea of guilty. *United States v. Bejar-Matrecios*, 618 F.2d 81, 83 (9th Cir.1980); *Ivers v. United States*, 581 F.2d 1362, 1367 (9th Cir.1978); *see also* cases cited in *Otherson v. Department of Justice, I.N.S.*, 711 F.2d 267, 277 n. 11 (D.C.Cir.1983). This is based on the equitable theory that, after conviction, the defendant in fairness should not be permitted to litigate entitlement to the proceeds of his crime. *Gray v. Commissioner*, 708 F.2d 243, 246 (6th Cir.1983) *cert. den.* 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182; *Plunkett v. Commissioner*, 465 F.2d 299, 305 (7th Cir.1972); *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir.1977); *In re Alsco—Harvard Fraud Litigation*, 523 F.Supp. 790, 802 (D.D.C.1981). Additional justification is provided by the fact that federal courts may not enter a judgment on a guilty plea "without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f); *Otherson* at 275 n. 8. Thus, notwithstanding the dicta in *Haring v. Prosise*, 462 U.S. 306, 316, 103 S.Ct. 2368, 2374, 76 L.Ed.2d 595 (1983) referred to in *Otherton*, 711 F.2d at 275 n. 8 & 277 n. 11, the federal courts have not generally accepted the rule suggested by the Restatement of Judgments which requires actual trial and, as with a plea of nolo contendere, will not allow collateral estoppel where there has been a plea of guilty. *See Restatement (Second) of Judgments* §

85, comment b, at 296 (1982 ed.) (estoppel effect of guilty plea is evidentiary, not issue preclusive). However, in dischargeability cases, there is uncertainty in this circuit over whether the prior determination should only be given a prima facie evidentiary effect as suggested by the Restatement, *see In re Houtman*, 568 F.2d 651 (9th Cir.1978), or a complete issue preclusion effect, *see Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 34 (1979).

These conflicts, whether real, theoretical, or merely semantic, need not be resolved in this case because plaintiffs should prevail under any rule. The affidavits and records supporting the motion for summary judgment establish sufficient identity of issues, identity of necessary judicial determinations and identity of standards between the prior criminal case and the present case to establish that there is no genuine issue of fact under either the *Houtman* or *Brown* rule to require a trial. The present record is sufficient to grant summary judgment based on the independent determination of bankruptcy issues and use of the prima facie rule under *Houtman* as well as the application of collateral estoppel and resolution of any remaining issues under *Brown*. For purposes of entry of judgment against defendant, plaintiffs satisfied their burden of showing that the defendant obtained money from them based upon a fraudulent representation within 11 U.S.C. § 523(a)(2)(A).

■ The District Attorney's Information and the dischargeability complaint both charged essentially that the defendant obtained money from the plaintiffs with the intent to defraud. The affidavits established that the facts charged in both proceedings were the same facts. The defendant admitted both the facts specifically and their legal effect generally in his guilty plea. The judgment of conviction included an order of probation which the defendant accepted requiring the defendant to make restitution to these plaintiffs in the amounts claimed in the bankruptcy complaints. Given the applicable constitutional limitations on what a sentencing judge may do in requiring restitution, and the procedural protections afforded to the defendant, everything in the criminal judgment, including the damage to plaintiffs, was "necessarily" determined. *Municipality of Anchorage v. Hitachi*, 547 F.Supp. 633, 643 (D.Alaska 1982).

■ Alternatively, summary judgment should be granted to the plaintiffs on the merits independently of the *Houtman* or *Brown* rules based upon the evidentiary effect of the admissions made by the defendant during the criminal case and the affidavits supplied in support of the motion for summary judgment. With or without regard to the judicial determinations in the criminal case, the record, when aided by the affidavits, establishes every element of the dischargeability complaint.

Defendant's denial of fraudulent intent, his assertion that plaintiffs were not deceived, and his effort to use his plea to the separate charge of sale of unregistered securities to create undetermined fact issues are overcome by the record and by his admissions. Plaintiffs, in loaning money based upon defendant's dishonest representation of security, were victims both of fraud and of the defendant's sale of unregistered securities as charged in both informations. Defendant admitted that he had no intention to perform. His rebutting affidavit, on the other hand, does not satisfactorily explain his post-conviction change of heart or show that evidence contradicting the record of his admissions exists outside of his own denials. All available evidence is before the Court in some form. Under the standards of Fed.R.Civ.P. 56(e) incorporated by Bankr.R. 7056, there is no genuine issue of fact to try.

Separate judgments should be entered requiring defendant to pay to plaintiffs the sums claimed in the complaints with interest as allowed by law and declaring the judgments to be nondischargeable in bankruptcy.