**UNITED STATES of America, Plaintiff,**

v.

**ONE 1985 MERCEDES BENZ AUTOMOBILE, etc., et al., Defendants.**

**No. 88–759–CIV–5.**

United States District Court, E.D. North Carolina, Raleigh Division.

July 11, 1989.

Margaret Person Currin, U.S. Atty., E.D. N.C. by Thomas P. Swaim, Asst. U.S. Atty., for plaintiff.

Thomas C. Manning, Purser, Cheshire, Parker, Hughes & Manning, Raleigh, N.C., for claimant.

**ORDER**

DUPREE, District Judge.

Plaintiff filed its complaint pursuant to 21 U.S.C. § 881(a)(4) and (a)(6) for forfeiture in rem of a 1985 Mercedes Benz 190E VIN WBDA24C1FF070335 automobile and over $12,000 in United States Currency.

This vehicle and currency were seized by the United States Marshal upon the clerk's issuance of a warrant of arrest and notice in rem. Claimant, Derek Lorenzo Silas has filed a claim to this property.

The action is before the court on plaintiff's motion for partial summary judgment seeking forfeiture of the vehicle. Claimant responded, plaintiff replied and for the reasons outlined below plaintiff's motion will be granted.

Undisputed material facts consist of the following: On March 13, 1988 the claimant was stopped for speeding while driving the vehicle in question on a section of I–95 within the Eastern District of North Carolina. Upon approaching the car, highway patrol officer P.D. Scheppf smelled the odor of marijuana coming through the open driver's window. The officer then found a marijuana cigarette butt in the dashboard ashtray. This ashtray had been removed from the dashboard and placed inside the glove compartment. The claimant driver and his passenger, Dennis Taylor, were arrested. Further search of the car incident to the arrest revealed cocaine, the currency and a .357 magnum revolver. Silas and Taylor were charged in state court with possession of cocaine and possession of marijuana. Pursuant to a plea agreement Silas pled to the misdemeanor charge of possession of marijuana.

■ The Comprehensive Crime Control Act of 1984 authorizes the forfeiture of all vehicles which are used to transport or to facilitate transportation, possession or concealment of illegal drugs. 21 U.S.C. § 881(a)(4). Under this statute, once the government demonstrates probable cause for the forfeiture, the burden of proof shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture. 21 U.S.C. §§ 881(d), 885(a); *United States v. One 1977 Lincoln Mark V*, 453 F.Supp. 1388 (S.D.N.Y.1978).

The record in this case shows that Silas was the driver and owner of the vehicle in question, that marijuana was found in the car and that he pled guilty to criminal charges for possession of the marijuana

that was transported in his car. On this basis, plaintiff argues it "has met and exceeded its initial burden of demonstrating probable cause for the forfeiture of said automobile" and so should prevail on its motion for summary judgment with respect to the car.

In response Silas argues that he was not personally in possession of marijuana and that he asked his passenger to discard the marijuana cigarette when Taylor began smoking it. Silas discounts the significance of his guilty plea arguing that "persons may enter guilty pleas and not be in fact or in law guilty." Silas concludes that he "is clearly not responsible in light of these facts for the actions of Mr. Taylor."

■ Silas cites two cases in support of his position. The first is an unpublished decision from the Northern District of New York which has not been considered by the court due to Silas' failure to supply a copy of the decision to plaintiff's counsel or to the court. Local Rule 5.04. The second case, *McKeehan v. United States*, 438 F.2d 739 (6th Cir.1971), is inapposite. *McKeehan* involves forfeiture of machine guns under the 1971 National Firearms Transfer Act, a law which is sufficiently distinct from the drug forfeiture law in question to preclude the court following the *McKeehan* decision in the case at hand.

■ The forfeiture act under consideration provides that a vehicle shall not be forfeited where the illegal possession was committed "without the knowledge, consent, or willful blindness of the owner." 21 U.S.C. § 881(a)(4)(C). The same "innocent owner" language appears in the forfeiture section which applies to property ("without the knowledge or consent of that owner;" § 881(a)(7)). This defense has been interpreted to require "an owner to establish that he was innocent of any wrongdoing and unaware of any criminal activity." *United States v. 26.075 Acres*, 687 F.Supp. 1005, 1014 (E.D.N.C.1988), *aff'd in part, rev'd in part, United States v. Santoro*, 866 F.2d 1538 (4th Cir.1989).

This defense may not be used by the claimant in this case. While Silas may not

have condoned Taylor's smoking marijuana in Silas' car, the claimant unquestionably was aware of the criminal activity. Furthermore, the record shows that Silas was himself in possession of marijuana. By pleading guilty to the state charge of possession of marijuana Silas legally admitted he possessed the drugs transported in the defendant vehicle because a knowing and voluntary guilty plea is an admission of all elements or material facts of the charge. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969); *United States v. Bejar–Matrecios,* 618 F.2d 81, 84 (9th Cir.1980). Silas' admission is binding on him and he is collaterally estopped from denying this possession in the current civil proceeding. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

The court appreciates that enforcement of the forfeiture law may work harsh results in certain cases. Congress has provided a remedy to such claimants who may apply to the Attorney General for a remission or mitigation of the forfeiture. 19 U.S.C. § 1618. Congress did not, however, give the courts any discretion to stop a forfeiture on account of hardship or unfairness alleged by the claimant.

In sum, the record at hand supports a finding that marijuana was possessed in the defendant vehicle at the time of its seizure. The claimant Derek Silas has failed to present any defense entitling him to stop this forfeiture. Accordingly, there being no outstanding material questions of fact, plaintiff's motion for partial summary judgment is granted and a judgment ordering forfeiture to the United States of the defendant vehicle shall be filed.