**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose RIVERA–MARTINEZ, aka Jose Martinez–Rivera, Defendant–Appellant.**

No. 08–10134.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2009.

Filed Feb. 3, 2009.

---

Leta M. Hollon, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Lynn T. Hamilton, Esquire, Hamilton Law Office, PC, Mesa, AZ, Jose Rivera–Martinez, Florence, AZ, for Defendant–Appellant.

Before: WALLACE, FARRIS and McKEOWN, Circuit Judges.

## MEMORANDUM *

Rivera–Martinez appeals from his conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not commit plain error in denying Rivera–Martinez's

* This disposition is not appropriate for publication and is not precedent except as provided

untimely motion for mistrial because the admission of Agent Castellanos' testimony did not affect Rivera–Martinez's substantial rights or the fairness of the trial. *See United States v. Recio,* 371 F.3d 1093, 1099–100 (9th Cir.2004); *United States v. Rivera,* 43 F.3d 1291, 1295 (9th Cir.1995) (objection to testimony in a motion for mistrial untimely where there was no objection during testimony). Castellanos did not testify regarding details of Rivera–Martinez's incarceration or crimes committed in connection with his incarceration, and did not clarify that the Yuma County Adult Detention Center is a criminal detention facility.

■ The district court did not abuse its discretion in admitting a sanitized judgment and commitment of Rivera–Martinez's previous conviction of illegal reentry after deportation for the limited purpose of proving alienage. The district court appropriately considered whether proof of alienage could have been offered by less prejudicial means. *See United States v. Sine,* 493 F.3d 1021, 1035 (9th Cir.2007). Rivera–Martinez refused to stipulate to alienage in lieu of admission of the judgment and commitment, and the government correctly explained the document was necessary to corroborate Rivera–Martinez's admissions of alienage in order to prove alienage beyond a reasonable doubt. *See United States v. Smith–Baltiher,* 424 F.3d 913, 921 (9th Cir.2005) (government required to prove alienage beyond a reasonable doubt); *United States v. Hernandez,* 105 F.3d 1330, 1332 (9th Cir.1997) (defendant's admissions of alienage require corroborating evidence to serve as the basis for a conviction). Moreover, the district court redacted the judgment and commitment

by 9th Cir. R. 36–3.

and instructed the jury that it was to be considered solely for the purpose of proving alienage. *Compare United States v. Bejar–Matrecios,* 618 F.2d 81, 84 (9th Cir.1980) (district court erred in admitting a judgment where the full record of the judgment was entered and no limiting instructions as to the purpose of the judgment were offered).

■ We conclude that, based on a totality of the circumstances, Rivera–Martinez's sixty-two month sentence was substantively reasonable; therefore, the district court did not abuse its discretion in imposing the sentence. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007) (sentences both inside and outside the advisory Sentencing Guidelines range are reviewed under a deferential abuse of discretion standard); *United States v. Tankersley,* 537 F.3d 1100, 1110 (9th Cir.2008) (sentences reviewed for substantive reasonableness). The district court appropriately considered the relevant factors set forth in 18 U.S.C. § 3553(a), including Rivera–Martinez's graduation from illegal entry misdemeanors to felony offenses, his commission of seven prior felonies, and his multiple immigration violations identical to the violation at issue in this case. *See United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008) (en banc). The district court appropriately gave substantial consideration to the need to deter criminal conduct adequately and to protect the public from further crimes, and explained at length why an outside-Guidelines sentence—a sentence one month longer than Rivera–Martinez's previous sentence—was warranted for those purposes. 18 U.S.C. § 3553(a)(2); *Carty,* 520 F.3d at 991. Rivera–Martinez's claim that the district court impermissibly based

the sentence on Rivera–Martinez's decision to go to trial is unsupported by the record.

At oral argument, counsel withdrew the issue of whether the district court erred in refusing to grant a three-level downward adjustment for acceptance of responsibility, so we do not address it here.

**AFFIRMED.**