NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50442 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00258-CAS-1 |
| v. | |
| JUAN JESUS VERDIN, AKA Juan Jesus Verdin Gomez, AKA Juan Verdin Gomez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 13, 2012**
Pasadena, California

Before: GILMAN***, TALLMAN, and N.R. SMITH, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Juan Jesus Verdin ("Verdin") appeals his conviction for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Verdin alleges that the district court committed reversible error in two separate evidentiary rulings during his jury trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Although we have recognized that evidence of prior convictions can be unfairly prejudicial in some circumstances, *see United States v. Bejar-Matrecios*, 618 F.2d 81, 84 (9th Cir. 1980), the district court took care to reduce any potential prejudice in this case. The court (1) redacted the prior criminal judgments to eliminate all unnecessary information; (2) informed the jury upon admission of the evidence that it could be considered only as to the issue of alienage; and (3) reiterated after closing arguments that the evidence could be considered only as to alienage. We have previously ruled that such measures adequately safeguard against potential prejudice, *see United States v. Higuera-Llamos*, 574 F.3d 1206, 1210 (9th Cir. 2009), and we hold that the district court did not abuse its discretion here in admitting the evidence.

Because we hold that the prior convictions were properly admitted, any error in admitting Verdin's purported Mexican birth certificate was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986); *see*

2

*also Dillard v. Roe*, 244 F.3d 758, 767 (9th Cir. 2001) (failing to rule on alleged trial error because any error would have been harmless). The birth certificate was cumulative of other evidence of Verdin's alienage, and Verdin himself admitted that he was born in Tijuana in 1954, conceding the only material fact otherwise provided by the birth certificate.

**AFFIRMED**.