**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50166 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01253-SJO |
| v. | |
| LUIS ARREDONDO-VARGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Luis Arredondo-Vargas appeals from the 24-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EH/Research

States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Arredondo-Vargas contends that the district court procedurally erred by failing to properly calculate the Guidelines range, by failing to sufficiently explain why the above Guidelines range sentence was necessary, and by failing to explain the denial of a fast-track departure. He also contends that the sentence is substantively unreasonable in light of criminal history. The record reflects that the district court did not procedurally err in its calculation of the advisory sentencing Guideline range or its consideration of the 18 U.S.C. § 3553(a) factors, and that the sentence is substantively reasonable in light of the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 991-993 (9th Cir. 2008) (en banc); *see also United States v. Higuera-Llamos*, 574 F.3d 1206, 1210-12 (9th Cir. 2009).

Finally, in a footnote in his opening brief, Arredondo-Vargas contends that the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to resolve a factual dispute Arredondo-Vargas raised for the first time during his sentencing colloquy. Arredondo-Vargas's conclusory allegations denying crucial elements of his criminal history are insufficient to cast doubt on the uncontroverted PSR. *See United States v. Kimball*, 975 F.2d 563, 567 (9th Cir. 1992).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED.**