**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50280 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00013-LAB |
| v. | |
| JOSE ORTIZ-VARELA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Jose Ortiz-Varela appeals from the 46-month sentence imposed following

his guilty-plea conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

we affirm.

Ortiz-Varela contends the district court procedurally erred by placing excessive weight on the need for deterrence, to the exclusion of the other 18 U.S.C. § 3553(a) sentencing factors. The record reflects that the district court properly considered the section 3553(a) sentencing factors, provided ample explanation for the sentence, and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the [section 3553(a)] factors in a particular case is for the discretion of the district court.").

Ortiz-Varela also contends the above-Guidelines sentence is substantively unreasonable because: (1) it is longer than necessary to promote deterrence; (2) he has effectively eliminated his primary impetus for reentry, and (3) his prior sentences were "effectively illegal." In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence is substantively reasonable. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009) (substantively reasonable sentence where appellant's previous 18-month sentence for illegal reentry was insufficient deterrence as "he committed the same crime only a month after his previous release and subsequent deportation.").

**AFFIRMED.**

11-50280