EBEL, Senior Circuit Judge,
dissenting:
I join in the parts of the majority opinion finding no error in the district court’s ruling declining to submit the recantation defense to the jury and determining that the evidence was sufficient to support Ms. Wiggan’s conviction for the count of perjury at her first trial. However, I respectfully dissent from the majority opinion concluding that the district court committed reversible error in allowing the grand jury foreperson, Mr. Venable, to testify that he did not believe that Ms. Wiggan was being truthful in her testimony before the grand jury.
I readily acknowledge the paucity of precedent on whether it is error to submit testimony from a grand juror on a defen *1219 dant’s demeanor or credibility as part of the Government’s evidence in support of a charge that the defendant committed perjury before the grand jury. As the majority opinion accurately notes, the other federal circuit case that has directly considered the issue before us in any substantive way is United States v. Awadallah (Awadallah II), 436 F.3d 125 (2d Cir. 2006).[1] In that case, the Second Circuit found that the district court had not committed an abuse of discretion in excluding such evidence. Id. at 131. Although Awadallah II clearly disapproved of the practice of calling grand jurors to testify before the petit jury regarding the defendant’s demeanor or credibility on a charge that the defendant had committed perjury before the grand jury, the case is not strictly on point because, in that case, the Second Circuit affirmed a district court decision excluding such evidence. Id. In our case, on the other hand, we are being asked by the plaintiff to reverse a district court decision admitting such evidence. To me, that distinction makes all the difference.
We must give great deference to a district court’s evidentiary rulings, and we may reverse only if we find a clear abuse of discretion — which is a very high bar. See United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.2000) (explaining that “[a] district court’s decision to exclude or admit evidence under FRE 403 is reviewed with considerable deference” (internal quotation marks omitted)); see also United States v. Higuera-Llamos, 574 F.3d 1206, 1209 (9th Cir.2009) (“The district court is to be given wide latitude when it balances the prejudicial effect of proffered evidence against its probative value.” (internal quotation marks omitted)). Here, although I agree with the majority that there are dangers in calling a grand juror to testify about alleged false statements made to the grand jury, in this case, I do not believe that the ruling is so clearly unsupportable that we should reverse.
This ease comes before us to review a ruling under Federal Rule of Evidence 4.03, which requires determining whether the “probative value [of the evidence] is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury....” Fed.R.Evid. 403.
As to the probative value of this evidence, I think it is fairly significant. The issue that the petit jury had to decide was whether Ms. Wiggan was truthful in her testimony before the grand jury. The people to whom she was speaking, the grand jurors, are in the best position to judge her truthfulness. They are the only ones who observed her demeanor, body language, context, and the like. Those characteristics are probative of whether the speaker is being truthful or not. Yet, they are not as clearly revealed from the cold transcript of her grand jury testimony as they are from grand juror Venable’s testimony. Judgments of the truthfulness of someone’s statements are often subtle and even subjective, but all of that can be probed by cross-examination. In my opinion, there is no better evidence of whether a witness, is being truthful before the grand jury than the testimony of grand jurors who heard and observed the witness’s testimony.
*1220 On the other side of the equation, I acknowledge that a grand juror’s testimony presents the potential for prejudice. The Ninth Circuit has disapproved of the admission of derogatory statements from a judge concerning a defendant’s credibility because a judge is an “authoritative, professional fact finder” who is apt to carry excessive weight with the jury. United States v. Sine, 493 F.3d 1021, 1033-34 (9th Cir.2007); see id. at 1031 (agreeing with a defendant that “derogatory factual findings and comments” from a judge’s order in a prior related case created “too great a danger of unfair prejudice and thus violated Rule 403”). But see id. at 1034 (“Our determination that references to facts found in a judicial opinion can unfairly prejudice a party does not mean that admission of such facts will always fail the balancing test of Rule 403.”). However, I do not see quite the same danger when the evidence comes from a grand juror who is not a professional fact finder, and to the contrary is presumably chosen from a random jury pool, similar to the pool of people selected for petit jurors.
Indeed, several statements made by Mr. Venable ameliorate any potential concern in this regard because he repeatedly explained that it was the petit jury’s responsibility to assess the evidence and make a determination. At one point in his testimony, Mr. Venable stated, “We felt, as a grand jury, that there was enough evidence in Mrs. Wiggán’s case to turn it over to a petit jury, and that then becomes this jury’s responsibility to review, listen to all sides, all the testimony, and make a decision.” He then reiterated, “[W]e as a grand jury, felt that there was enough evidence present to turn it over to this jury. What this jury decides to do and how they decide and finally handle it belongs to this jury, not to me or the grand jury.” (3 ER 499.) Further, he stated “I have done my job as a grand jury [sic]. It’s now been turned over, and however that comes out, that’s the way it comes out. I have no further interest in it.”
Moreover, any potential prejudice from a grand juror’s testimony can be greatly ameliorated by cautionary instructions to the petit jury. Here, Ms. Wiggan has not indicated that she ever requested a limiting jury instruction related to the testimony of Mr. Venable. Further, although defense counsel filed a motion in limine to preclude Mr. Venable’s testimony prior to trial, the district court held that a ruling on “the scope of the foreman’s demeanor testimony ... must await proffer of the testimony at trial.” Although defense counsel objected multiple times during the presentation of the testimony, counsel never objected to any statement made by Mr. Venable during the trial on the explicit grounds that it was unduly prejudicial under Rule 403.
Indeed, even if the court had abused its discretion in allowing certain statements made by Mr. Venable, given defense counsel’s failure to object to any specific testimony, under a plain error standard, I would conclude that Ms. Wiggan has failed to meet this standard because her “substantial rights” were not violated in light of the weight of the evidence against her. See Sine, 493 F.3d at 1031 (holding that “although we agree that the many references to [the] adverse findings and comments” of the judge from an order in a prior related matter “should not have been allowed, the plain error standard of review proves fatal to [the defendant’s] contention that the conviction should be reversed because of those references”); id. at 1041 (“[T]he defendant completely failed to object to the government’s repeated impermissible references to the judge’s order. *1221 Because the trial judge’s failure sua sponte to prevent such references did not affect[the defendant’s] substantial rights in a case where other evidence overwhelmingly proved the defendant’s guilt, [his] conviction must stand.”)
I am troubled about testimony from Mr. Venable that seemed to speak on behalf of the entire grand jury.[2] I believe that testimony is improper, but the prejudicial effect of that was blunted when the district court instructed Mr. Venable, in the presence of the jurors, to only testify on his own behalf and not on behalf of the other jurors.[3]
For the reasons stated, I would affirm the district court on the issue of the testimony of grand juror Venable. In all other regards, I am pleased to join the majority opinion.

. There is one other federal circuit case that briefly addresses the issue, United States v. Frazier, 944 F.2d 820, 822 n. 1 (11th Cir. 1991). That case found no error in admitting testimony from a member of the grand jury to prove perjury before the grand jury. As the majority opinion aptly notes, however, there was no meaningful discussion of the issue in Frazier.

. During his testimony, the prosecution asked Mr. Venable if he found credible Ms. Wiggan’s testimony before the grand jury that she had never received any of the messages that Turner left for her. Mr. Venable responded, “We did not find — the grand jury did not find or feel that it was credible responses to the questioning.”
Additionally, the following exchanges took place during Mr. Venable’s testimony:
PROSECUTION: Did I [the prosecutor] and/or the grand jurors who asked questions express to the defendant, through their questions or tone of voice, any skepticism about her answers?
THE WITNESS: It was made very clear that the grand jury, as well as yourself, felt that we were not getting straight answers.
PROSECUTION: Did you have an understanding when ... [Ms. Wiggan was reminded of the penalties of perjury] of why those reminders were being issued to her?
THE WITNESS: In my opinion, it was extremely obvious to everybody in the room that we were not being — the grand jury was not being given the truth.

. Following several questions about Ms. Wiggan’s credibility and demeanor before the grand jury, the district court stated to Mr. Venable, “I just want to make sure that you’re answering based on things that you observed and that you’re giving us your opinion, your own opinion.” Mr. Venable responded, “Yes, Your Honor. Personal observation and my opinion.” Additionally, the following exchanges took place over the course of the Mr. Venable's trial testimony:
PROSECUTION: And based on the totality of the evidence that the grand jury had gathered, including the entirety of the defendant’s testimony that day in her second appearance, did you find [Ms. Wiggan’s] story credible?
DEFENSE COUNSEL: Objection, Calls for a conclusion, Your Honor.
THE COURT: You know, are you talking about "you, Mr. Venable” or “you, the grand jury”?
PROSECUTION: I am talking about you, Mr. Venable.
PROSECUTION: And with respect to the entirety of her second grand jury appearance, did you find her testimony credible?
DEFENSE COUNSEL: Objection. Calls for an opinion.
THE COURT: It does, and I’ll allow it. We’re talking about you, yourself, sir, not the grand jury.
PROSECUTION: Did defendant's testimony during her grand jury appearance the second time reassure the grand jury that she was, in fact, being candid and truthful in her testimony?
DEFENSE COUNSEL: Objection. Argumentative and calls for a conclusion.
THE COURT: Well, you are talking in terms of the grand jury.
PROSECUTION: I will rephrase it.