**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50610 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02602-BEN-1 |
| v. | |
| BENJAMIN CARREON-OCAMPO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 12, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Benjamin Carreon-Ocampo appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Carreon-Ocampo contends that the district court procedurally erred at sentencing. Because Carreon-Ocampo did not raise these procedural issues in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court did not plainly err. It was permissible for the district court to consider Carreon-Ocampo's prior sentences for immigration offenses, and the court considered all of the factors set forth in 18 U.S.C. § 3553(a), including the Sentencing Guidelines, and adequately explained the reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc); *see also United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009) (recognizing that it was proper to consider whether prior sentence for immigration offense served as an adequate deterrent when determining appropriate sentence for new immigration offense).

The district court did not abuse its discretion in imposing the 30-month sentence. The above-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including Carreon-Ocampo's repeated illegal entries into the United States and the need for deterrence. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *see also United States v. Orozco-Acosta*, 607 F.3d 1156, 1167 (9th Cir. 2010) (distinguishing *Amezcua-Vasquez* where higher sentence was necessary to deter defendant from

2

subsequent re-entry); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908-09 (9th Cir. 2009) (recognizing that the "weight to be given the various factors in a particular case is for the discretion of the district court" and holding that the district court did not place undue weight on need for deterrence where defendant repeatedly entered the United States illegally).

**AFFIRMED.**