**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10082 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01096-CKJ-LAB-1 |
| v. | |
| SIXTO GOMEZ-BAUTISTA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted October 23, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Sixto Gomez-Bautista appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

re-entry after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gomez-Bautista contends that his 36-month sentence, which is well below the applicable Sentencing Guidelines range, is substantively unreasonable. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not abuse its discretion in imposing the 36-month sentence. The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including not only the appellant's reasons for re-entering the country, but also the appellant's criminal history and the need for the sentence to provide deterrence. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908-09 (9th Cir. 2009) (holding that district court did not place undue weight on need for deterrence where defendant repeatedly entered the United States illegally); *United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009) (holding that increased sentence was substantively reasonable given the defendant's prior immigration offenses and the failure of previous sentences to deter him from re-offending).

**AFFIRMED**.