**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50118 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04992-LAB-1 |
| v. | |
| MARIO RAYMOND FERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 18, 2013[**]
San Francisco, California

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Mario Raymond Fernandez appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1324(a)(1)(A)(ii) and (v)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fernandez contends that the district court imposed a substantively unreasonable sentence because it varied above the Sentencing Guidelines based on an erroneous inference that he influenced his co-defendant to become involved in the offense. To the extent Fernandez challenges the district court's factfinding and raises a due process issue, we review for plain error because he did not raise these issues in the district court. *See United States v. Christensen*, 732 F.3d 1094, 1101, 1106 (9th Cir. 2013); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (characterizing the selection of a sentence based on erroneous facts as a procedural error). We find no plain error affecting substantial rights. *See Christensen*, 732 F.3d at 1101-02.

Fernandez suggests that the district court violated his right to remain silent because the court commented that he had neither admitted nor denied influencing Montano to get involved in the offense. There was no error because the court was not drawing an adverse inference from Fernandez's silence, but instead was discussing whether there was additional evidence to confirm or counter other evidence concerning whether Fernandez had influenced his co-defendant. *Cf. United States v. Romero-Rendon*, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000).

2

Fernandez contends that the 36-month sentence is substantively unreasonable because the district court overstated the need to protect the public and because his participation in a GED program and drug treatment program while in prison will adequately address his motives to offend and therefore will address any concerns about the need for deterrence. We review for abuse of discretion, examining the sentence in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The district court did not abuse its discretion. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Fernandez's history of drug abuse and failed drug treatment and his history of smuggling aliens even after serving a total of 35 months in prison in connection with a previous conviction for transporting aliens. *See Gall,* 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908-09 (9th Cir. 2009) (recognizing that the "weight to be given the various factors in a particular case is for the discretion of the district court" and holding that the district court did not place undue weight on need for deterrence where defendant repeatedly committed immigration offenses); *United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009) (recognizing that it was proper to impose a greater sentence in order to protect the public from defendant's proven

3

willingness to re-offend and that it was proper when determining sentence for new immigration offense to consider whether a sentence for a prior immigration offense had served as an adequate deterrent).

**AFFIRMED**.