**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50385 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01608-LAB |
| v. | |
| ARNULFO ARELLANO GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Arnulfo Arellano Gonzalez appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Arellano Gonzalez contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, and by improperly relying on a prior sentence imposed for the same offense as a benchmark for the instant case. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly considered the applicable section 3553(a) factors, including Arellano Gonzalez's criminal and immigration history. *See* 18 U.S.C. § 3553(a)(1); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the district court's consideration of Arellano Gonzalez's prior sentence for the same offense was not improper. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009).

**AFFIRMED.**