NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 30 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50034 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03690-DMS |
| v. | |
| ADAN USCANGA-GONZALEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted April 22, 2015**

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Adan Uscanga-Gonzalez appeals from the district court's judgment and

challenges the 27-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.    See Fed. R. App. P. 34(a)(2).

Uscanga-Gonzalez contends that the district court procedurally erred by failing to explain adequately the upward variance and failing to consider or address his sentencing arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Uscanga-Gonzalez's arguments and sufficiently explained the reasons for imposing the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Uscanga-Gonzalez's contention, the court did not err by using his previous sentence for the same offense as a benchmark. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009).

Uscanga-Gonzalez next contends that the sentence is substantively unreasonable in light of the mitigating factors and the alleged procedural errors, and because the district court relied upon disputed facts underlying a previous state conviction. The district court did not abuse its discretion in imposing Uscanga-Gonzalez's sentence. *See Gall United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Uscanga-Gonzalez's immigration history. *See Gall*, 552 U.S. at 51; *see also*

2                                                                    14-50034

*United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the court's reliance on the disputed facts does not render the sentence unreasonable because Uscanga-Gonzalez has not shown that the disputed facts were false or unreliable. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

**AFFIRMED.**