**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50122 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03251-DMS-1 |
| v. | |
| PABLO MARTINEZ-GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted January 29, 2015[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Pablo Martinez-Gutierrez appeals from the district court's judgment and
challenges the 48-month sentence imposed following his guilty-plea conviction for
being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.
We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Martinez-Gutierrez contends that the district court erred by considering his prior sentences when determining his sentence in the instant case. The district court did not err. The sentences for Martinez-Gutierrez's prior § 1326 convictions are part of his history and characteristics and are relevant to choosing a sentence that will adequately deter future criminal conduct. The defendant's history and characteristics and the need for the sentence to provide adequate deterrence are amongst the 18 U.S.C. § 3553(a) factors a court is to consider when determining the appropriate sentence. *See* 18 U.S.C. § 3553(a)(1), (a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Thus, it is permissible for a court to consider whether a previous sentence provided sufficient deterrence when determining the sentence for a new offense. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009).

To the extent Martinez-Gutierrez contends that the district court was required to impose a sentence within the range calculated using a fast-track departure, he is incorrect. Consistent with the Sentencing Guidelines, the district court granted the request for a fast-track departure and calculated the resulting advisory sentencing range. However, the Sentencing Guidelines are only one factor to be taken into account when selecting the appropriate sentence, and the

2

district court had the discretion to vary upwards from the sentencing range that resulted from the fast-track departure. *See Carty*, 520 F.3d at 991, 993.

Martinez-Gutierrez contends that the 48-month sentence is substantively unreasonable. The sentence is not substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51 (2007). This includes not only Martinez-Gutierrez's medical needs and the age and nature of his prior crime of violence, but also the need for deterrence, his immigration history, and his other prior convictions and sentences. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1167 (9th Cir. 2010) (holding that sentence was not too high despite age of prior conviction where higher sentence was necessary to deter defendant from subsequent re-entry); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (holding that district court did not place undue weight on need for deterrence where defendant repeatedly entered the United States illegally); *cf. United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009) (holding that increased sentence was substantively reasonable where previous sentence for illegal re-entry was insufficient to deter the appellant's criminal conduct).

**AFFIRMED**.