**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50182 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00047-BEN |
| v. | |
| MARIO GARIBO-GALEANA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Mario Garibo-Galeana appeals from the district court's judgment and

challenges the 36-month sentence and the $250 fine imposed following his guilty-

plea conviction for being a removed alien found in the United States, in violation

of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garibo-Galeana contends that the district court procedurally erred and violated his right to due process in several ways. We find no basis for remand. First, in light of the undisputed facts in the presentence report, Garibo-Galeana has not shown that the district court's conclusion that he has a "violent" propensity was clearly erroneous. *See United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013). Moreover, though the district court at one point incorrectly characterized Garibo-Galeana's 26 prior immigration apprehensions as removals, Garibo-Galeana has not established that this error made the basis for the sentence. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009). Finally, contrary to Garibo-Galeana's contention, the record reflects that the district court considered his sentencing arguments and thoroughly explained its determination that an above-Guidelines sentence was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Garibo-Galeana next challenges the district court's imposition of the $250 fine. We review for plain error, *see United States v. Hernandez-Arias*, 757 F.3d 874, 884 (9th Cir. 2014), and conclude that there was none. Even if Garibo-Galeana did not have the ability to pay the fine at the time of sentencing, the district court did not err in determining that the below-Guidelines fine could be

16-50182

paid through the Inmate Financial Responsibility Program. *See United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009) (district court may fine a presently indigent defendant if it finds that the defendant has sufficient earning capacity to pay the fine in the future). Moreover, the district court explained the fine sufficiently. *See id*.

Finally, Garibo-Galeana contends that his sentence is substantively unreasonable in light of the district court's rejection of the parties' joint sentencing recommendation. The above-Guidelines sentence is not an abuse of discretion in light of the applicable 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Garibo-Galeana's failure to be deterred by his prior 36-month sentence for the same offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Higuera-Llamos,* 574 F.3d 1206, 1211-12 (9th Cir. 2009).

**AFFIRMED.**