**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50377 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02436-BEN-1 |
| v. | |
| SANTOS GUZMAN-ORTIZ, AKA Pedro Ortiz-Pineda, AKA Jose Santos-Guzman, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Santos Guzman-Ortiz appeals from the district court's judgment and

challenges the 54-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Guzman-Ortiz contends that the district court procedurally erred by failing to justify its decision to apply an upward variance and by improperly relying on a prior sentence imposed for the same offense as a benchmark for the instant case. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered the undisputed Guidelines range and thoroughly explained its decision to vary upward. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The district court's consideration of Guzman-Ortiz's prior sentence for the same offense was not improper. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009).

Guzman-Ortiz also contends that his sentence is substantively unreasonable in light of the upward variance. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Guzman-Ortiz's substantial criminal and immigration history, and his failure to be deterred. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**