**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50079 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-01498-BEN-1 |
| v. | |
| JAVIER GARIBAY MENDOZA, AKA Javier Garibay Mendoza-Romero, AKA Jose Mendoza-Romero, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Javier Garibay Mendoza appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza contends that the district court erred by failing to (1) use the Guidelines range as the starting point for the sentence, and (2) adequately explain the above-Guidelines sentence and why it rejected the parties' joint request for a downward variance to 15 months and Mendoza's other mitigating arguments. Mendoza also argues that the district court violated his right to due process and relied on clearly erroneous facts when it speculated about his physical and mental health.

The record demonstrates that the district court properly treated the Guidelines range as the initial benchmark. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The court correctly calculated the Guidelines range, but explained that it would not impose a sentence within that range because the Guidelines in this case did not "fairly, accurately, and adequately" account for Mendoza's history. The court also addressed several of Mendoza's mitigating arguments, stating that it considered those arguments in electing not to impose an even higher sentence, which it explained might have otherwise been justified in a case as "egregious" as this one. This explanation is sufficient to permit appellate review. *See id.* at 992-93. The court's explanation also reflects that it did not base the sentence on any suppositions about Mendoza's physical and mental health, but rather on his extensive criminal history. *See United States v. Vanderwerfhorst*, 576

F.3d 929, 935-37 (9th Cir. 2009) (defendant must show that his sentence was "demonstrably based" on false information to establish a due process violation).

Mendoza also contends that the 48-month sentence is substantively unreasonable because the court gave insufficient weight to the staleness of his most serious convictions, the nature of his more recent convictions, and other mitigating factors. Mendoza has not shown, however, that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the court was aware that Mendoza's violent offenses were stale. It was nevertheless reasonably concerned about Mendoza's more recent immigration offenses, which resulted in lengthy sentences—including two sentences of 48 months—that failed to deter Mendoza. On this record, the 48-month sentence is not substantively unreasonable. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009).

**AFFIRMED.**