NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30160 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00025-WFN-1 |
| v. | |
| MICHAEL THOMAS VAN DYKE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Michael Thomas Van Dyke appeals from the district court's judgment and

challenges the 9-month sentence imposed upon the fourth revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Van Dyke contends that the district court failed to consider and address his

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

mitigating circumstances and the applicable sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The court's questions and comments during the revocation hearing reflect that it considered Van Dyke's disability, poor living conditions, and other mitigating arguments, as well as the relevant sentencing factors. The court was not required to do more. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Van Dyke also contends that his sentence is substantively unreasonable because the Sentencing Guidelines are a poor barometer of reasonableness both generally and in his case specifically given his mitigating factors and the minor nature of his violations. The district court properly treated the Guidelines as the starting point. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1910 (2018). Even disregarding the Guidelines, however, the district court did not abuse its discretion in imposing a sentence just one month longer than his previous revocation sentence. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1210-12 (9th Cir. 2009). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Van Dyke's history of noncompliance and repeated breaches of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**

22-30160