FILED
United States Court of Appeals
Tenth Circuit

February 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE DANIEL ESPINOZA-
FLORES,

      Defendant - Appellant.

No. 17-1264
(D.C. No. 1:17-CR-00082-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

This appeal is brought by Mr. Jose Daniel Espinoza-Flores, who was

convicted of illegal reentry after conviction of an aggravated felony and

sentenced to 36 months' imprisonment. Mr. Espinoza-Flores appeals,

arguing that his sentence is substantively unreasonable. We disagree.

---

[*]    The parties have not requested oral argument, and we conclude that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

## I. We apply the abuse-of-discretion standard.

We review the substantive reasonableness of Mr. Espinoza-Flores's sentence under the abuse-of-discretion standard. *United States v. Steele,* 603 F.3d 803, 809 (10th Cir. 2010). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

## II. The district court varied upward.

Mr. Espinoza-Flores pleaded guilty to one count of illegal reentry of a removed alien subsequent to an aggravated felony conviction. *See* 8 U.S.C. § 1326(a), (b)(2). This charge stemmed from Mr. Espinoza-Flores's fourth illegal reentry into the United States. The guideline range was 21 to 27 months, but the district court varied upward to 36 months.

In varying upward, the district court observed that the guidelines had sent mixed signals to Mr. Espinoza-Flores regarding the risk of illegally reentering the country. With this observation, the court assessed the statutory sentencing factors, acknowledging Mr. Espinoza-Flores's challenging life in Honduras as a reason for his repeated efforts to emigrate to the United States. But because of the multiple convictions, the court determined that an upward variance was necessary to deter Mr.

2

Espinoza-Flores from reoffending. The district court ultimately decided on a 36-month sentence.

### III. The district court did not abuse its discretion in imposing the 36-month sentence.

Mr. Espinoza-Flores contends that the length of his sentence is substantively unreasonable because the district court gave undue weight to the need for deterrence. We disagree.

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). When reviewing the sentence, we "'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"We have consistently observed that reentry of an ex-felon is a serious offense." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). In light of the seriousness of the offense, the district court considered the need to deter Mr. Espinoza-Flores from reentering the country. He had already illegally reentered the United States four times. The court observed that his last sentence for illegal reentry totaled 30 months but proved an inadequate deterrent because Mr. Espinoza-Flores

3

had illegally reentered the country again. The court could reasonably conclude that the sentence needed to exceed 30 months to deter Mr. Espinoza-Flores from illegally reentering the country for the fifth time.

Mr. Espinoza-Flores points to other factors supporting a lesser sentence. For example, Mr. Espinoza-Flores was repeatedly reentering the country because of adverse conditions in his native country (Honduras). But illegal reentry is a serious crime, and the district court could reasonably consider any lesser sentence inadequate as a deterrent. *See United States v. Sandoval-Enrique*, 870 F.3d 1207, 1215 (10th Cir. 2017) (upholding a sentence for illegal reentry because the prior sentence had not stopped the defendant from illegally returning to the United States); *see also United States v. Higuera-Llamos*, 574 F.3d 1206, 1208, 1211-12 (9th Cir. 2009) (holding that an upward departure to 30 months from 15 to 21 months for illegal reentry was substantively reasonable because of the defendant's prior illegal reentries and the failure of prior sentences to deter further reentries). Because the district court did not abuse its discretion, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4