**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FELIPE BAUTISTA MORA, a/k/a
Francisco Bautista-Mora, a/k/a Carlos
Mora, a/k/a Francisco Gonzalez-Gonzalez,
a/k/a Carlos Mora Camberos,

    Defendant - Appellant.

No. 25-5030
(D.C. No. 4:24-CR-00352-SEH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**,
Circuit Judge.

_____

Felipe Bautista Mora, a native and citizen of Mexico, pleaded guilty to one

count of reentry of a removed alien. *See* 8 U.S.C. § 1326(b). The United States

District Court for the Northern District of Oklahoma sentenced him to 21 months'

imprisonment, an upward variance from the United States Sentencing Guidelines

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

advisory range of 10 to 16 months' imprisonment. Defendant appeals, arguing that his sentence is procedurally and substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## BACKGROUND

An indictment charged Defendant with one count of reentry of a removed alien, alleging that he was found in the United States on October 15, 2024, after being deported and removed on August 27, 2002. He pleaded guilty without a plea agreement.

The probation office's presentence report (PSR) calculated a total offense level of 10.[1] Defendant had previously been deported on four separate occasions: October 4, 1994; July 1, 1996; October 18, 2000; and August 27, 2002. He was banned from reentering the United States for a period of five to ten years as part of the removal process, but he again reentered the United States in 2005. In addition, Defendant had five prior convictions: (1) possession of a stolen vehicle in 1994; (2) possession of a controlled substance in 1997; (3) operating a vehicle without a valid license in 2011; (4) child abuse by injury in 2015; and (5) unlawful possession of a controlled drug and obstructing an officer in 2024. The final offense led to the present illegal-reentry prosecution: during a traffic stop, he did not obey a police officer's orders, resisted arrest, and had marijuana in his vehicle. The PSR assigned Defendant a criminal-history category of III and a Guidelines range of 10 to 16 months' imprisonment.

---

[1] This included a four-level enhancement for a felony child-abuse conviction after being deported and a two-level reduction for acceptance of responsibility.

Neither party objected to the PSR, but both submitted sentencing memoranda. Defendant requested a 10-month sentence, arguing that such a term would be adequate to satisfy the 18 U.S.C. § 3553(a) sentencing factors. The government moved for an upward variance, requesting a 30-month sentence because of Defendant's criminal and removal history.

At sentencing, Defendant argued that his case was like other illegal-reentry cases and an upward variance was unnecessary because the PSR already accounted for his criminal history and previous removals. He urged that a 10-month sentence would be both within the Guidelines and appropriate in his case. The government argued that Defendant was not similarly situated to other illegal-reentry offenders because his repetitive criminal conduct demonstrated "a habitual disregard" for the law. R. Vol. III at 36. The government requested an upward variance to a 30-month sentence, reasoning that Defendant had "shown, time and time again, [that] he is wanting to come back to the United States and, while in the United States, he commits crimes." *Id.* Defendant responded that he had served his punishment for his crimes and that his last crime outside of the 2024 offense was from 2015, almost 10 years earlier. He argued that the PSR already included his criminal history in its recommended sentence, and any further enhancement was "double-dipping." *Id.*

The district court agreed with the government that additional deterrence was warranted. It adopted the PSR's factual findings and addressed the applicable 18 U.S.C. § 3553(a) factors. It said that it had "considered the nature of the offense, the Defendant's criminal history, and his personal characteristics." *Id.* at 40. The

3

court reasoned that Defendant's prior criminal convictions and removals were factors that justified an upward variance, and that a sentence within a newly calculated Guidelines range would adequately deter Defendant and others, promote respect for the law, provide just punishment, and protect the public. It specifically noted that there were factors that separated "Defendant from the mine-run of similarly situated defendants to a degree that warrants a variance." *Id.* at 39-40. It varied upward to a total offense level of 12, which yielded a Guidelines range of 15 to 21 months' imprisonment, and sentenced Defendant to 21 months' imprisonment.

## DISCUSSION

Review for reasonableness of a criminal defendant's sentence "is a two-step process comprising a procedural and a substantive component." *United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023) (internal quotation marks omitted). On appeal Defendant challenges both the procedural and substantive reasonableness of his sentence.[2]

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or

---

[2] Defendant relies on *United States v. Guevara-Lopez* for the proposition that procedural and substantive reasonableness are intertwined. *United States v. Guevara-Lopez*, 147 F.4th 1174, 1183 (10th Cir. 2025) ("Though relegated to separate categories, procedural reasonableness overlaps with substantive reasonableness when a challenge is based on the district court's explanation of the § 3553(a) factors" (internal quotation marks omitted)). But given our analysis of the two reasonableness issues in this case, the nature and extent of any overlap is irrelevant.

failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Our review of claims of procedural error is ordinarily for abuse of discretion; but we review only for plain error if the claim was not presented below. *See United States v. Eddington*, 65 F.4th 1231, 1237 (10th Cir. 2023) (explaining that a procedural reasonableness challenge that has been preserved is subject to abuse-of-discretion review, but unpreserved procedural challenges are reviewed for plain error). And as a general rule, "if a defendant does not argue for plain error in his opening brief on appeal, he waives any plain error argument." *United States v. Garcia*, 936 F.3d 1128, 1131 (10th Cir. 2019). Here, however, we need not concern ourselves with whether the procedural-error claim was adequately preserved either in district court or on appeal, because we can affirm on the ground that there was no abuse of discretion.

A "district court abuses [its] discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (internal quotation marks omitted). Defendant argues that his sentencing was procedurally unreasonable because the district court failed to adequately explain its reliance on his prior convictions and deportations to vary upward, notably because these prior acts happened several years before the instant offense. He further argues that the explanation about what separated his case from ordinary illegal-reentry cases was inadequate because the Guidelines range from the PSR already accounted for his prior history.

5

The district court did not commit the alleged procedural error in imposing Defendant's sentence. The court adequately explained the chosen sentence, both invoking the § 3553(a) factors and pointing to specific facts from the record regarding Defendant's history and how that history related to the instant offense. *Cf. United States v. Mendoza*, 543 F.3d 1186, 1192 (10th Cir. 2008) (concluding that a variance was procedurally unreasonable where "the court's statement contained references to most of the relevant factors" but was otherwise "general in nature and unrelated to the specific defendant before it" and "did not articulate one fact about [the defendant] or his crime, other than to note that [the defendant] would likely be deported and thus would not benefit from prison educational programs" (emphasis omitted)). The district court's reasons for imposing an upward variance were stated with sufficient clarity and were far from arbitrary.

We also are unpersuaded by Defendant's argument that his sentence is substantively unreasonable. We review a substantive-reasonableness challenge, "under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. Defendant contends that none of the § 3553(a) factors on which the district court focused—"the nature of the offense, [Defendant's] personal characteristics, his criminal history, promoting respect for the law, providing just punishment, providing adequate deterrence, protecting the public, and avoiding sentencing disparities"—"warranted an upward variance." Aplt. Opening Br. at 7. But his only specific criticism is that "there was no basis for an upward variance based on the age of the felonies (ten,

6

twenty-eight and thirty-one years old) and the prior deportations (the last deportation occurred twenty years ago)." Aplt. Reply Br. at 9.

The district court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a)(2). 18 U.S.C. § 3553(a). Substantive reasonableness of a sentence is judged by considering "the totality of the circumstances in light of the . . . § 3553(a) factors." *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (internal quotation marks omitted). "[W]e uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *Id.* at 916. And "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 917 (internal quotation marks omitted).

We see no abuse of discretion in the imposition of a 21-month sentence in this case. Defendant's criminal and deportation history are proper and necessary factors in assessing the need to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public. *See* § 3553(a)(2). In particular, this court has held that sentencing courts do not abuse their discretion by varying upward when prior unlawful reentries indicate a need for deterrence. *See United States v. Cruz-Artiaga*, 739 F. App'x 492, 494–95 (10th Cir. 2018) (rejecting substantive-

reasonableness challenge); *United States v. Espinoza-Flores*, 712 F. App'x 836, 837 (10th Cir. 2018) (same).[3]  That is also the case here.

We reject Defendant's arguments that his sentence was procedurally and substantively unreasonable.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[3] Because "[u]npublished decisions are not precedential," we cite these decisions for informational and persuasive purposes only.  10th Cir. R. 32.1(A).